David S. Bloch (SBN: 184530)
dbloch@winston.com
Laura M. Franco (SBN 186765)
lfranco@winston.com
K. Joon Oh (SBN 246142)
koh@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5802
Telephone:     (415) 591-1000
Facsimile:     (415) 591-1400

Attorneys for Defendant
ALLVOICES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL PHOTO GROUP, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>ALLVOICES, INC.<br><br>    Defendant. | **Case No. CV 13-3627-JSC**<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS – FED. R. CIV. P. 12(b)(6) & (1)**<br><br>Judge:  Magistrate Jacqueline Scott Corley<br>Date:  Thursday, January 2, 2014, 9:00 a.m.<br>Courtroom:  F, 15th Floor |

## NOTICE OF MOTION AND MOTION

TO PLAINTIFF AND ITS ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN that on Thursday, January 2, 2014, at 9:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, 15th Floor, Courtroom F, defendant Allvoices, Inc., will and hereby does move the Court for an order dismissing the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).  This motion is based on this Notice of Motion and Motion, the included Memorandum of Points and Authorities, the Declaration of Laura Franco and the materials cited therein, all matter subject to judicial notice, the pleadings and papers on file herein, and any further material and argument presented to the Court at the time of the hearing.

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 1

INTRODUCTION ..................................................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 1

ARGUMENT ............................................................................................................................. 2

I. NPG'S COPYRIGHT CLAIMS AGAINST ALLVOICES MUST BE DISMISSED BECAUSE IT FAILED TO ALLEGE THAT IT IS THE OWNER OF A VALID COPYRIGHT REGISTRATION FOR EITHER OF THE PHOTOGRAPHS AT ISSUE. ............................................................................................................................. 2

    A. LEGAL STANDARD FOR MOTION TO DISMISS .................................................. 2

    B. Elements of A Copyright Claim ................................................................ 3

    C. The Court Should Dismiss All Claims Regarding the UNREGISTERED Photograph from the Lawsuit .................................................................... 3

    D. The Registration for Photo No. 13111 States that NPG is Not the Copyright Owner ......................................................................................................... 4

II. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COPYRIGHT CLAIMS BECAUSE THE PLAINTIFF LACKS STANDING AS THE OWNER OF THE ALLEGEDLY INFRINGED EXCLUSIVE RIGHTS. ..................... 4

III. NPG'S INDIVIDUAL COPYRIGHT INFRINGEMENT CLAIMS FAIL TO STATE A CLAIM UNDER RULE 12(B)(6). ............................................................................. 6

    A. NPG Fails to Allege Volitional Conduct to Show Direct Copyright Infringement by Allvoices. ........................................................................ 6

    B. All Secondary Liability Claims Fail Because NPG Did Not Allege a Direct Infringement by a Third Party ................................................................... 7

    C. NPG Fails to State a Contributory Copyright Infringement Claim. ............ 7

    D. NPG Fails to State an Inducement-of-Infringement Claim. ........................ 8

    E. NPG Fails to State an Vicarious Copyright Infringement Claim ................ 9

IV. IN ADDITION, NPG'S CLAIM MUST BE DISMISSED BECAUSE NPG FAILED TO PROVIDE ALLVOICES WITH PROPER NOTICE OF THE ALLEGED INFRINGEMENT UNDER THE DIGITAL MILLENNIUM COPYRIGHT ACT. .............. 10

CONCLUSION ........................................................................................................................ 11

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................ 2, 7, 8, 10

*Bell Atlantic v. Twombly*,
 550 U.S. 544 (2007) ............................................................................................................ passim

*Branch v. Tunnel*,
 14 F.3d 449 (9th Cir. 1994) ................................................................................................ 1

*Brave New Films 501(c)(4) v. Weiner*,
 626 F. Supp. 2d 1013 (N.D. Cal. 2009) ............................................................................ 11

*Cartoon Network LP, LLLP v. CSC Holdings, Inc.*,
 536 F.3d 121 (2d Cir. 2008) ............................................................................................... 6

*Cosmetic Ideas, Inc. v. IAC/InterActiveCorp.*,
 606 F.3d 612 (9th Cir. 2010) ............................................................................................. 3

*CoStar Group, Inc. v. LoopNet, Inc.*,
 373 F.3d 544 (4th Cir. 2004) ............................................................................................. 6

*DocMagic, Inc. v. Ellie Mae, Inc.*,
 745 F. Supp. 2d 1119 (N.D. Cal. 2010) ......................................................................... 3, 4

*Ellison v. Robertson*,
 357 F.3d 1072 (9th Cir. 2004) .......................................................................................... 10

*Fox Broad. Co. Inc. v. Dish Network*,
 905 F. Supp. 2d 1088 (C.D. Ca. 2012) .............................................................................. 6

*Grupo Dataflux v. Atlas Global Group, L.P.*,
 541 U.S. 567 (2004) ........................................................................................................... 5

*Hills Transp. Co. v. Sw. Forest Indus., Inc.*,
 266 Cal. App. 2d 702 (1968) ........................................................................................... 12

*Ileto v. Glock, Inc.*,
 349 F.3d 1191 (9th Cir. 2003) ........................................................................................... 2

*Io Group, Inc. v. Veoh Networks Inc.*,
 586 F. Supp. 2d 1132 (N.D. Cal. 2008) ........................................................................... 11

*Knievel v. ESPN*,
 393 F.3d 1068 (9th Cir. 2005) ........................................................................................... 2

*Kruska v. Perverted Justice Found. Inc. Org.*,
   WL 3210847, *3 (D. Ariz. Aug. 9, 2010) ................................................................................ 3, 4

*Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*,
   591 F. Supp. 2d 1098 (N.D. Cal. 2008) ........................................................................................ 7

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
   545 U.S. 913 (2005) .................................................................................................................. 8, 9

*Moore v. Donahoe*,
   WL 322561, *6 (N.D. Cal. Oct. 3, 2012) ....................................................................................... 5

*Parker v. Google, Inc.*,
   422 F. Supp. 2d 492 (E.D. Pa. 2006) ......................................................................................... 10

*Perfect 10, Inc. v. Amazon.com, Inc.*,
   508 F.3d 1146 (9th Cir. 2007) ............................................................................................ passim

*Perfect 10, Inc. v. Giganews, Inc.*,
   WL 2109963, *6-9 (C.D. Cal. Mar. 8, 2013) ................................................................................ 6

*Perfect 10, Inc. v. Google, Inc.*,
   WL 9479060, *6-8 (C.D. Cal. July 30, 2010), *aff'd*, 653 F.3d 976, 2011 (9th Cir. 2011),
   *cert. denied*, 132 S. Ct. 1713, 182 L. Ed. 2d 252 (2012) ............................................................ 8

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
   494 F.3d 788 (9th Cir. 2007), *cert. denied*, 553 U.S. 1079 (2008) ........................................... 9

*Reed Elsevier, Inc. v. Muchnick*,
   559 U.S. 154 (2010) ..................................................................................................................... 3

*Religious Tech. Center v. Netcom On–Line Commc'n Serv.'s, Inc.*,
   907 F. Supp. 1361 (N.D. Cal. 1995) ............................................................................................ 6

*Righthaven LLC v. Hoehn*,
   716 F.3d 1166 (9th Cir. 2013) ..................................................................................................... 5

*Sarvis v. Polyvore, Inc.*,
   WL 4056208, *9-10 (D. Ma. Aug. 9, 2013) ............................................................................... 10

*Silvers v. Sony Pictures Entm't, Inc.*,
   402 F.3d 881 (9th Cir. 2005) (en banc) ...................................................................................... 4

*SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*,
   88 F.3d 780 (9th Cir. 1996) ........................................................................................... 3, 7, 8, 10

*Tartan Software, Inc. v. DRS Sensors & Targeting Sys., Inc.*,
   *3 (W.D. Pa. Oct. 11, 2007) ......................................................................................................... 5

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

iii

**STATUTES**

17 U.S.C. § 106 ................................................................................................................................. 3, 4

17 U.S.C. § 410(c) .................................................................................................................................. 4

17 U.S.C. § 411(a) ............................................................................................................................. 3, 4

17 U.S.C. § 501(b) .................................................................................................................................. 4

17 U.S.C. § 512(c) ................................................................................................................................ 11

17 U.S.C. § 512(j) ................................................................................................................................. 11

17 U.S.C. § 512(k)(1)(A) ...................................................................................................................... 11

17 U.S.C. § 512(k)(1)(B) ...................................................................................................................... 11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a)(2) ............................................................................................................................. 2

Fed. R. Civ. P. 12(b)(1) ........................................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. passim

http://www.allvoices.com/about ......................................................................................................... 1, 2

http://www.allvoices.com ................................................................................................................ 1,6,11

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA 94111-5802**

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

National Photo Group, LLC ("NPG") alleges copyright infringement by Allvoices, Inc., with respect to two photographs of singer Cyndi Lauper posted by a third party on *www.allvoices.com*. NPG's claims are defective as a matter of law and must be dismissed under Fed. R. Civ. P. 12(b)(6) because *(1)* one of the allegedly infringed photographs lacks a valid copyright registration, a mandatory pre-condition to filing an infringement suit; and *(2)* plaintiff is not the named copyright owner on the registration for the other photograph.

The Court also must dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because NPG has failed to show that it owns valid assignments for either of the copyrights at issue—a prerequisite to establish standing.

Lastly, even if NPG owned the copyrights in dispute, it did not provide Allvoices with a proper notice-and-takedown request under the Digital Millennium Copyright Act, meaning that Allvoices cannot be held liable for infringement.

Allvoices raised these and other defects with NPG in connection with the original Complaint in this action. But NPG did not correct these defects in its Amended Complaint. For each of these reasons, the Amended Complaint should be dismissed without leave to amend.

### STATEMENT OF FACTS

NPG claims to provide "entertainment-related photojournalism goods and services." ECF 19 (first amended complaint, hereinafter "FAC") ¶ 1. NPG says that its owns "the rights" to a "multitude" of unspecified photographs featuring celebrities, which it licenses to online and print publications. *Id.*

Allvoices hosts and operates a website located at *www.allvoices.com. Id.* at ¶ 2. Allvoices is an "open and unmediated site," "the world's premier platform for citizen journalism ... committed to delivering a community-driven platform for open, global news and idea exchange." Declaration of Laura Franco ("Franco Decl.") ¶ 4, Ex. C (http://www.allvoices.com/about).[1] The *Allvoices.com*

---

[1] Under the doctrine of incorporation by reference, a court may consider in a motion to dismiss documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the complaint. *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir.

1  website includes a copyright infringement notification policy that complies with the Digital

2  Millennium Copyright Act ("DMCA").  *Id.*

3        NPG alleges that Allvoices "copied, modified, and/or displayed Plaintiff's rights protected

4  photographs" without NPG's authorization on the *Allvoices.com* website.  FAC ¶ 13, Ex. 1.  Though

5  Exhibit 1 to the Amended Complaint is hard to decipher, it includes two different photographs of

6  singer Cyndi Lauper.  Exhibit 1 states that only the first photograph—identified as "Photo ID

7  Number: 13111" with Copyright Registration Number VA0001764425—is registered with the

8  Copyright Office.  NPG concedes that the other photograph on Exhibit 1 is "UNREGISTERED."[2]

9  *Id.*

## ARGUMENT

**I. NPG'S COPYRIGHT CLAIMS AGAINST ALLVOICES MUST BE DISMISSED BECAUSE IT FAILED TO ALLEGE THAT IT IS THE OWNER OF A VALID COPYRIGHT REGISTRATION FOR EITHER OF THE PHOTOGRAPHS AT ISSUE.**

### A. Legal Standard for Motions to Dismiss

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Dismissal pursuant to Rule 12(b)(6) is proper where a cause of action fails to state a claim upon which relief can be granted.  In other words, a Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of the claims asserted in the complaint."  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  To survive a motion to dismiss, a complaint must state "facts to state a claim to relief that is plausible on its face."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007).  Such complaints require more than "labels and conclusions, and a formulaic recitation of a cause of action's elements," *id.* at 545, and must be supported by more than mere conclusory statements.  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  If the Court finds that the plaintiff does not allege sufficient facts "to raise a right to relief above the speculative level" and support a "cognizable legal theory," it may dismiss the complaint as a matter

---

1994).  This "doctrine applies with equal force to internet pages as it does to printed materials." *Knievel v. ESPN,* 393 F.3d 1068, 1076–77 (9th Cir. 2005) (court reviewed website content submitted with defendant's motion to dismiss defamation claim because website contained the defamatory material referred to in plaintiff's complaint).

[2] Confusingly, Plaintiff re-uses "Photo ID Number: 13111" for the UNREGISTERED work, though it clearly is not the same image as the registered work.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

of law.  *Twombly*, 550 U.S. at 545; *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.,* 88 F.3d 780, 783 (9th Cir. 1996) (affirming dismissal of antitrust complaint "notwithstanding its conclusory language regarding the elimination of competition and improper purpose").

### B.  Elements of A Copyright Claim

To state a *prima facie* case of direct copyright infringement, a plaintiff must show that (1) it owns the copyright for the allegedly infringed materials and (2) the defendant violated at least one of the exclusive rights listed in Section 106 of the Copyright Act.  17 U.S.C. § 106; *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007).

Further, a plaintiff is barred from bringing a civil action for infringement of the copyright in any United States work "until preregistration or registration of the copyright claim has been made in accordance with" the Copyright Act.  17 U.S.C. § 411(a).  The requirement of preregistration or registration is not jurisdictional, but is a necessary element of a copyright infringement claim.  *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010) (registration requirement is a mandatory procedural precondition to filing a copyright infringement claim); *Cosmetic Ideas, Inc. v. IAC/InterActiveCorp.*, 606 F.3d 612, 614-15 (9th Cir. 2010) (Section 411(a)'s "registration requirement is a pre-condition to filing a claim," citing *Muchnick*, 559 U.S. at 157).  Accordingly, the failure to register a work with the Copyright Office before filing a copyright infringement action is clear grounds for dismissing the claim.  *DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1143 (N.D. Cal. 2010) (Patel, J.) (granting defendant's motion to dismiss because plaintiff had not filed a copyright registration application before filing the lawsuit); *Kruska v. Perverted Justice Found. Inc. Org.*, no. cv 08-0054, 2010 WL 3210847, *3 (D. Ariz. Aug. 9, 2010) (same).

### C.  The Court Should Dismiss All Claims Regarding the UNREGISTERED Photograph from the Lawsuit.

NPG's copyright infringement claims against Allvoices involving the UNREGISTERED work must be dismissed because NPG admits that it lacks a valid copyright registration for that photograph.  FAC., Ex. 1 at alleged Infringements #2 and #3.  NPG does not claim that it has applied to preregister or register that photograph with the Copyright Office, and Exhibit 1 includes no application number, application date, or facts that such an application even exists.  *Id*. ¶¶ 13-15, Ex.

3

1. The Court therefore should dismiss all claims regarding the unregistered work because NPG failed to satisfy the statutory pre-condition to file a copyright infringement action for that work. 17 U.S.C. § 411(a); *DocMagic*, 745 F. Supp. 2d at 1143; *Kruska*, 2010 WL 3210847 at *3.

### D. The Registration for Photo No. 13111 States that NPG is Not the Copyright Owner.

As part of establishing a prima facie claim for copyright infringement of the registered photograph (Photo No. 13111), NPG must allege that *it* owns the exclusive copyrights at issue for that work. 17 U.S.C. § 501(b); *Perfect 10,* 508 F.3d at 1159. Only the "legal or beneficial owner of an exclusive right" under Section 106 of the Copyright Act has standing to sue for infringement of that right. *See Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 890 (9th Cir. 2005) (en banc) (dismissing copyright infringement claim for lack of valid assignment).

But NPG did not plead the required ownership to the exclusive Section 106 rights at issue for Photo No. 13111. While NPG generally alleges that it owns unspecified rights in an unspecified "multitude of photographs," FAC ¶ 1, it failed to adequately plead whether it owns the exclusive copyright at issue here. Nor can it, because as a matter of fact, NPG is *not* the named registered owner. Rather, an individual named Ben Evestad (purportedly NPG's owner) is the registrant. *See* Franco Decl., ¶¶ 2, 5, Ex. A (record from the U.S. Copyright Office's online database). Because the copyright registration for the registered photograph was obtained within five years of the image's first publication, the registration is prima facie evidence of the facts stated in the certificate—including the identity of the copyright owner. 17 U.S.C. § 410(c). NPG did not allege or attach any assignment of the copyrights for either of the photographs in dispute. Therefore, it has failed to alleged sufficient facts to satisfy the first element of a prima facie copyright infringement claim — ownership.

### II. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COPYRIGHT CLAIMS BECAUSE THE PLAINTIFF LACKS STANDING AS THE OWNER OF THE ALLEGEDLY INFRINGED EXCLUSIVE RIGHTS.

It is hornbook law that subject matter jurisdiction is based on facts as they existed when the lawsuit was filed. *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1171 (9th Cir. 2013) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 n.4, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); *Keene*

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

*Corp. v. United States*, 508 U.S. 200, 207–08, 113 S. Ct. 2035, 124 L. Ed. 2d 118 (1993)) (affirming dismissal for lack of standing because plaintiff lacked valid copyright assignment); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004), 124 S. Ct. 1920, 158 L. Ed. 2d 866. Subject matter jurisdiction cannot be cured by acts after the lawsuit has started. *Hoehn*, 716 F.3d at 1171 (holding that standing cannot be cured based on a property interest acquired after lawsuit started); *Grupo Dataflux*, 541 U.S. at 581 (reversing appellate court's denial of motion to dismiss for lack of subject matter jurisdiction based on the facts as existed when lawsuit started).

On its face, the Amended Complaint (like the original Complaint before it) fails to show that NPG has standing as the copyright owner and therefore fails to show that the Court has subject matter jurisdiction. *Moore v. Donahoe*, no. c 11-05517, 2013 WL 322561, *6 (N.D. Cal. Oct. 3, 2012) (Beeler, M.J.) ("When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff") (citation omitted); *see generally id.* (dismissing complaint, including copyright claims, without having to reach issue of subject matter jurisdiction). As discussed above, NPG does not allege that the copyright to either of the identified works was validly assigned to NPG, and the lone copyright registration states to the contrary.

The Amended Complaint also fails as a matter of fact: there is only one copyright registration and NPG is not its named owner. For factual attacks against standing, NPG carries the burden to establish subject matter jurisdiction by presenting evidence for the court to weigh, as "no presumption of truthfulness attaches to plaintiff's allegations." *Moore*, 2013 WL at *6 (internal quotation marks and citations omitted) (citing *Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Given that there currently is no evidence of standing for either of the allegedly infringed works, the Court must dismiss the complaint for lack of subject matter jurisdiction. *Hoehn*, 716 F.3d at 1172 (affirming dismissals of copyright infringement complaints due to no valid assignment sufficient for standing); *see also Tartan Software, Inc. v. DRS Sensors & Targeting Sys., Inc.*, no. 06-1147, *3 (W.D. Pa. Oct. 11, 2007) (denying motion to dismiss based on evidence of valid assignment before lawsuit was filed) (citing *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir.

5

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

2007), *Gould Elecs., Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000)).

## III.  NPG'S INDIVIDUAL COPYRIGHT INFRINGEMENT CLAIMS FAIL TO STATE A CLAIM UNDER RULE 12(b)(6).

### A.  NPG Fails to Allege Volitional Conduct to Show Direct Copyright Infringement by Allvoices.

In order to establish a prima facie claim of direct infringement, NPG must have sufficiently alleged facts demonstrating that Allvoices engaged in volitional conduct.  *Perfect 10, Inc. v. Giganews, Inc.*, no. cv 11-07098, 2013 WL 2109963, *6-9 (C.D. Cal. Mar. 8, 2013) (discussing authorities analyzing volitional conduct requirement).  The factual allegations must show that the Defendant "*directly caused* the infringement to take place." *Id*. at *7 (emphasis in original); *id*. at *9 (dismissing direct infringement claim against Internet service provider because "Plaintiff has not alleged that Defendants actively engage in or directly cause the infringement allegedly committed by their users").

Here, NPG did not allege the necessary volitional conduct.  It is undisputed that Allvoices hosts a website (www.allvoices.com) for "citizen journalism," where *third parties* post stories and pictures.  Neither of the photographs in suit were posted on the *Allvoices.com* website by Allvoices.  As the Amended Complaint indicates, each of the Uniform Resource Locators identified in Exhibit 1 states that the web page (and thus, the associated photograph) is "contributed-news."  FAC, Ex. 1.  The first two entries of Exhibit 1 identify the URL as *http://allvoices.com/**contributed-new**/8067647/-cyndi-lauper-shows-off-her-shocking-face-at-airport-see-photos* for both allegedly infringed photographs (emphasis added).  *Giganews*, 2013 WL 2109963 at *9 (dismissing direct infringement claim against Internet service provider because "Plaintiff has not alleged that Defendants actively engage in or directly cause the infringement allegedly committed by their users"); *Religious Tech. Center v. Netcom On–Line Commc'n Serv.'s, Inc.*, 907 F. Supp. 1361, 1369 (N.D. Cal. 1995) (same); *CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544, 551 (4th Cir. 2004) (same); *Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 131 (2d Cir. 2008) (same); *Fox Broad. Co. Inc. v. Dish Network*, 905 F. Supp. 2d 1088, 1102 (C.D. Ca. 2012) (same).

Because the Amended Complaint fails to plead that Allvoices directly caused the alleged direct infringement, the Court should dismiss NPG's direct infringement claim.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

### B. All Secondary Liability Claims Fail Because NPG Did Not Allege a Direct Infringement by a Third Party.

"All theories of secondary liability for copyright and trademark infringement require some underlying direct infringement by a third party." *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 591 F. Supp. 2d 1098, 1104 (N.D. Cal. 2008) (Ware, J.); *Amazon.com,* 508 F.3d at 1169 ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party") (internal quotation marks and citation omitted).  Yet, the only allegations of direct infringement are those directed to Allvoices. FAC ¶¶ 13-15 (alleging the "Infringements"), Ex. 1 (listing each of the Infringements).  Though NPG argues that Allvoices induced infringement by "providing technology" compatible with "Facebook, Instagram, and Twitter" (FAC ¶ 36), it fails to identify a single infringement by a third party. FAC ¶¶ 13-15, 25-38; Ex. 1.  For example, in NPG's contributory infringement count, the Amended Complaint surmises that "[i]n the event" that Allvoices is not the direct infringer because the photographs at issue are not stored on the Allvoices servers, then Allvoices would be "liable as contributory infringers" [*sic*]. *Id*. at ¶ 26.  The other counts are much the same. *Id*. at ¶¶ 31-32 and 35-36.  Such conjectures and conclusory statements do not even rise to the level of *speculation* that a third party has in fact directly infringed the asserted copyrights and cannot support a cognizable legal theory of secondary liability. *Twombly*, 550 U.S. at 545; *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *SmileCare Dental Group,* 88 F.3d at 783; *Louis Vuitton Malletier,* 591 F. Supp. 2d at 1104; *Amazon.com,* 508 F.3d at 1169.  As such, the Court should dismiss NPG's claims for contributory copyright infringement, vicarious copyright infringement, and inducement of copyright infringement under Rule 12(b)(6).

### C. NPG Fails to State a Contributory Copyright Infringement Claim.

In the "context of cyberspace," the Ninth Circuit has held that "a computer system operator can be held contributorily liable if it has *actual* knowledge that *specific* infringing material is available using its system and can take simple measures to prevent further damage to copyrighted work, yet continues to provide access to infringing works." *Amazon.com*, 508 F.3d at 1171-72 (emphasis in original) (citations and quotation marks omitted).

NPG does not allege that Allvoices had *actual* knowledge of the *specific* infringing materials.

7

NOTICE, MOTION, AND P&As IN SUPPORT OF MOTION TO DISMISS
CASE NO. CV 13-3627-JSC

As discussed below, NPG did not send Allvoices a DMCA notice (or any other type of notice) notifying Allvoices of the existence of the allegedly infringing images. The Amended Complaint contains only labels, conclusions, and a formulaic recitation that Allvoices was "aware" of the "specific Infringements" and had "'red flag' knowledge" and "actual and/or constructive knowledge." FAC ¶¶ 16, 19, 26. These assertions, devoid of any factual content whatsoever, cannot sustain NPG's contributory infringement claims. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 545; *SmileCare Dental Group,* 88 F.3d at 783. "Applying [the Ninth Circuit's] test," the Amended Complaint fails because there are no facts to suggest that Allvoices "had knowledge that infringing [NPG] images were available using its [Allvoices's website]." *Amazon.com*, 508 F.3d at 1172.

Additionally, the Amended Complaint fails because it lacks factual allegations of any "simple measures to prevent further damage to [NPG's] copyrighted works, and [that Allvoices] failed to take such steps." *Id*.; *compare* FAC ¶¶ 26-29. Indeed, without actual notice of the specific infringements listed on the Amended Complaint's Exhibit 1, Allvoices could not to take any measures to prevent further damage to the actual owner of the copyrighted works (if any). *Perfect 10, Inc. v. Google, Inc.*, no. cv 04-9484, 2010 WL 9479060, *6-8 (C.D. Cal. July 30, 2010), *aff'd*, 653 F.3d 976, 2011 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1713, 182 L. Ed. 2d 252 (2012) (plaintiff's pre-litigation notices were insufficient to confer actual knowledge or that defendant could not take simple measures based on those notices).

The contributory infringement claim fails the Ninth Circuit's test and should be dismissed.

### D.     NPG Fails to State an Inducement-of-Infringement Claim.

NPG also separately alleges a particular type of contributory copyright infringement: inducement of direct copyright infringement by a third party. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) (defendant "infringes contributorily by intentionally inducing or encouraging direct infringement" by a third party). Inducement requires "'active steps ... taken to encourage direct infringement,' such as advertising *infringing use* or instructing *how to engage in an infringing use*, show *an affirmative intent that the product be used to infringe*, and a showing that *infringement was encouraged* overcomes the law's reluctance to find liability when a defendant merely sells a commercial product suitable for some lawful use." *Id*. at 936 (citations

omitted) (emphasis added).  Computer system operators induce copyright infringement when they "'communicate[] an inducing message to their ... users,' the classic example of which is an 'advertisement or solicitation that broadcasts a message designed to stimulate others *to commit violations*.'" *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 801 (9th Cir. 2007), *cert. denied*, 553 U.S. 1079 (2008) (quoting *Grokster*, 545 U.S. at 937) (emphasis added).

As discussed above, NPG's inducement claim is inadequate because it failed to allege direct infringement by a third party and does not satisfy the Ninth Circuit's test for secondary liability.  But even if NPG had met those threshold elements (it has not), NPG's Amended Complaint does not allege any active step by Allvoices to induce or encourage third parties to infringe NPG's copyrighted works.  The Amended Complaint merely alleges that Allvoices operates "Websites" [*sic*] that provided the capability — "means," "mechanisms," and "technology" — for various uses, including hypothetical infringing uses.  FAC ¶¶ 35-36.  Even if these allegations were correct, they are not enough to support an inducement claim:  A "product's capability of substantial lawful employment should bar the imputation of fault and consequent secondary liability for the unlawful acts of others." *Grokster*, 545 U.S. at 941; *id*. at 934 ("Sony's rule limits imputing culpable intent as a matter of law from the characteristics or uses of a distributed product").  Because the Amended Complaint fails to allege that Allvoices advertised infringing uses, provided instructions on how to engage in an infringing use, sent messages to others to commit violations that infringed copyrights, or any active step to induce infringement, NPG's inducement count fails to state a claim.

### E. NPG Fails to State a Vicarious Copyright Infringement Claim

To establish its vicarious copyright infringement claim, Plaintiff must show (1) that Allvoices derived a direct financial benefit from the infringing activity of a third party, and (2) that Allvoices had the right and ability to supervise or control that infringing activity, yet declined to exercise that control. *Amazon.com*, 508 F.3d at 1173.  The "essential aspect of the 'direct financial benefit' inquiry is whether there is a causal relationship between the infringing activity and any financial benefit a defendant reaps." *Google,* 2010 WL 9479060 at *9 (quoting *Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004)) (internal quotation marks omitted).

The Amended Complaint does not allege the "control" prong of this inquiry.  Instead, it

impermissibly relies upon the conclusory recitation that "Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyright material." FAC ¶¶ 21, 31. To say that Allvoices had "the ability" to control, without also stating that it knew about yet declined to exercise that control, is insufficient as a matter of law. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 545; *SmileCare Dental Group,* 88 F.3d at 783.

The Amended Complaint also fails to allege a sufficient causal relationship with a direct financial benefit that Allvoices received. NPG surmises "[o]n information and belief" that Allvoices "realized an increase [sic] their advertising revenues and/or merchandise sales" from "increase traffic" to its "Websites" [sic] "by way of the Infringements." FAC ¶ 19. Allegations that a defendant receives undifferentiated additional advertising revenue and goodwill are insufficient to satisfy the causal-relationship requirement. *Parker v. Google, Inc.*, 422 F. Supp. 2d 492, 500 (E.D. Pa. 2006) (dismissing vicarious copyright infringement claim alleging a direct financial benefit "in the form of advertising revenue and goodwill" and that "advertising revenues is directly related to the number of users"); *Sarvis v. Polyvore, Inc.*, no. 12-12233, 2013 WL 4056208, *9-10 (D. Ma. Aug. 9, 2013) (dismissing claim due to insufficient causal relationship between "earn[ing]s for the adverting [*sic*] on the contest page [and] fees it charges its advertising underwriter (e.g. Samsung)" and the allegedly infringing activity); *Google,* 2010 WL 9479060 at *9 (even evidence that defendant placed advertisements next to allegedly infringing works is insufficient "to qualify as the *direct* financial benefit necessary to impose vicarious liability") (emphasis in original); *Robertson*, 357 F.3d at 1079 (finding no evidence of increase of subscription fees from more subscribers joining service due to infringements).

For these reasons, the Court should dismiss NPG's claim for vicarious infringement.

**IV. IN ADDITION, NPG'S CLAIM MUST BE DISMISSED BECAUSE NPG FAILED TO PROVIDE ALLVOICES WITH PROPER NOTICE OF THE ALLEGED INFRINGEMENT UNDER THE DIGITAL MILLENNIUM COPYRIGHT ACT.**

A "service provider" is "an entity offering the transmission, routing, or providing of connections for digital online communications between or among points specified by a user of material of the user's choosing" and/or a "provider of online services." 17 U.S.C. § 512(k)(1)(A), (B). Website operators (such as Allvoices) that permit third parties to upload content to their

1 websites are considered service providers. *Io Group, Inc. v. Veoh Networks Inc.*, 586 F. Supp. 2d
2 1132, 1155 (N.D. Cal. 2008). So long as they comply with the terms of the DMCA, online service
3 providers such as Allvoices are protected from liability for copyright infringement, will not be liable
4 for monetary relief, and will only in specific circumstances be liable for injunctive or other equitable
5 relief. *See* 17 U.S.C. §§ 512(c), (j). Where a service provider does not receive a DMCA-compliant
6 notice from a copyright owner identifying a purported infringement of a specific work, the service
7 provider is safeguarded against liability for infringement of that work. *Brave New Films 501(c)(4) v.*
8 *Weiner*, 626 F. Supp. 2d 1013, 1018 (N.D. Cal. 2009).

9 Glaringly absent from the Amended Complaint, however, is any allegation that NPG
10 provided Allvoices with *any* notice of the alleged infringing display of the photographs in Exhibit 1
11 — much less a notice compliant with the DMCA. This is fatal to NPG's claims for relief.

12 Because *Allvoices.com* openly operates on the basis of "citizen journalism," NPG should
13 have known that the photographs were posted by third-party users. Had NPG paid attention to this
14 indication and simply sent a DMCA-compliant take-down notice, Allvoices immediately would have
15 removed the allegedly infringing photographs from its website pursuant to its Terms of Use. Franco
16 Dec. ¶ 3, Ex. B (*Allvoices.com* Terms of Use). As it is, Allvoices removed the identified images
17 upon receiving the original Complaint — the first time anyone complained to Allvoices with respect
18 to the photographs in dispute. NPG's failure to provide Allvoices with a DMCA-compliant notice of
19 the alleged infringement renders Allvoices immune from liability under Section 512(c) of the
20 DMCA.

21 **CONCLUSION**

22 As a matter of law, unregistered photos cannot form the basis of NPG's copyright
23 infringement claims. And according to the Copyright Office, NPG does not own the one registered
24 copyright identified in the Amended Complaint. So NPG lacks standing to assert any claims at all.
25 And even if it *did* own the copyright in the one registered photo in dispute, this case still would need
26 to be dismissed because (1) NPG failed to state claims for direct copyright infringement,
27 contributory copyright infringement, inducement of copyright infringement, and vicarious copyright
28 infringement and (2) it did not comply with the DMCA's notice-and-takedown provisions and

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA 94111-5802**

therefore cannot make a damages claim against Allvoices, while the other available relief (takedown of the allegedly infringing images) has already happened. NPG's Fifth Count (request for permanent injunction) and Sixth Count (request for fees) are merely prayers for relief, not freestanding causes of action.

NPG knew that its lawsuit stood on shaky grounds before it amended its complaint. In fact, Allvoices notified both of the original plaintiffs[3] of defects plaguing their original complaint *in writing* on October 8, 2013. Franco Decl. ¶ 5, Ex. D. One of those plaintiffs, BWP Media USA Inc., heeded the warning and abandoned the lawsuit. николаNPG did not, and its Amended Complaint again is plagued with the same defects identified in Allvoice's October 8 letter, as well as three additional and equally defective contributory infringement claims.   When a party has had multiple chances to amend but still has not corrected the deficiencies in its pleadings, the Court can assume that there are no facts to fix the flaws. *Hills Transp. Co. v. Sw. Forest Indus., Inc.*, 266 Cal. App. 2d 702, 713 (1968). Accordingly, the Court should grant Allvoices' motion to dismiss under Rules 12(b)(6) and 12(b)(1) *without* leave to amend.

Dated:  November 15, 2013                        WINSTON & STRAWN LLP


By:  /s/ Laura M. Franco
     David S. Bloch
     Laura M. Franco
     K. Joon Oh
     Attorneys for Defendant
     ALLVOICES, INC.

---

[3] The original complaint named two plaintiffs, NPG and BWP Media USA Inc. BWP Media was dropped in the Amended Complaint.